IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KAITLIN SHAE MCCORMICK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. CIV–22–51–JAR |
| | ) |
| **KILO KIJAKAZI,** | ) |
| **Acting Commissioner of the** | ) |
| **Social Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

**OPINION AND ORDER**

Plaintiff Kaitlin Shae McCormick (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is **AFFIRMED**.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education,

and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Sec'y of Health & Hum. Servs.*, 933 F.2d 799, 800

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988).

(10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800–01.

## Claimant's Background

The claimant was twenty-eight years old at the time of the administrative hearing (Tr. 17, 29). She possesses at least a high school education (Tr. 29). She has no past relevant work. (Tr. 29). The claimant alleges that she has been unable to work since January 15, 2020 due to limitations resulting from Asperger's syndrome; "inappropriate actions;" anxiety; sudden outburst; "times of depression unable to function;" "[i]rrational, irritability and racing thoughts; [u]nable to let issues go with relationships, [c]lenching [f]ists or teeth; [and] worry." (Tr. 104).

## Procedural History

On January 28, 2020, Claimant protectively filed for disability insurance benefits pursuant to Title II (42 U.S.C. § 401, et seq.) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, et seq.) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After an administrative hearing, Administrative Law Judge Joseph R. Doyle ("ALJ") issued an unfavorable decision on September 29, 2021. Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform the full range of work at all exertional levels with nonexertional limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in improperly considering the medical opinion evidence.

## Consideration of Medical Opinions

In his decision, the ALJ found Claimant suffered from the severe impairments of autism spectrum disorder, anxiety disorder, and depressive disorder. (Tr. 19). He determined Claimant could perform the full range of work at all exertional levels with nonexertional limitations. Claimant can work in jobs involving exposure to only generally moderate noise levels. The ALJ also opined that Claimant can perform simple, routine, and repetitive tasks. Claimant can only work in a low stress job, one having only occasional need for decision-making and changes in the work setting. Further, Claimant is limited to work establishing production quotas based on end of workday measurements without fast-paced production quotas. Lastly, Claimant should have only occasional interaction with coworkers and no interaction with the public. (Tr. 23)

After consultation with a vocational expert ("VE"), the ALJ determined Claimant could perform the representative jobs of hospital cleaner, janitor, and dishwasher. (Tr. 29). As a result, the ALJ concluded Claimant had not been

under a disability from January 15, 2020, through the date of the decision. (Tr. 30).

Claimant contends that the ALJ did not properly discuss and consider the medical evidence of consultative examiner, Dr. Jenna Miller, and treating counselor, Ashley Rogers. For claims filed on or after March 27, 2017, medical opinions are evaluated pursuant to 20 C.F.R. §§ 404.1520c and 416.920c. Under these rules, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ evaluates the persuasiveness of all medical opinions and prior administrative medical findings by considering a list of factors. *See* 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The factors are: (i) supportability, (ii) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements.") 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Generally, the ALJ is not required to explain how the other factors were considered. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, when the ALJ finds that two or more medical opinions or prior administrative findings on the same issue are equally well-supported and consistent with the record but are not exactly the same, the ALJ must explain

how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

Supportability and consistency are the most important factors in evaluating the persuasiveness of a medical opinion and the ALJ must explain how both factors were considered. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The supportability factor examines how well a medical source supported their own opinion with "objective medical evidence" and "supporting explanations." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The consistency factor calls for a comparison between the medical opinion and "the evidence from other medical sources and nonmedical sources" in the record. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

An ALJ continues to have the duty to evaluate every medical opinion in the record regardless of its source. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). He may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004); *see also Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (finding an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability"). If he rejects an opinion completely, the ALJ must give "specific, legitimate reasons" for doing so. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal citations omitted).

The ALJ considered the opinions of Dr. Miller and Ms. Rogers simultaneously. The ALJ opined that both opinions were unpersuasive as the

mental limitations assigned lacked adequate support in their respective reports and was otherwise inconsistent with the remaining evidence of record. First, during his consideration of Ms. Rogers' opinion, the ALJ rejected Ms. Rogers' evaluation of moderate to marked limitations in Claimant's capacity for understanding and memory, sustaining concentration and persistence, social interaction, and adaption. (Tr. 27). Although the ALJ recognized that Ms. Rogers was a treating provider, had witnessed Claimant first-hand, and noted the negative observations of Claimant, the ALJ found that overall Ms. Rogers' treatment notes consistently described Claimant as "presenting with normal appearance, normal speech, no motor dysfunction, unimpaired thought process, and no suicidal tendency." (Tr. 27). Further, the ALJ reasoned that without additional abnormal objective findings in the medical record Ms. Rogers' opinion was unpersuasive.

Next, in considering Dr. Millers opinion, the ALJ rejected the opinion that Claimant is unable to carry out and remember complex instructions, sustain concentration, persist in work-related activity, maintain reasonable pace, maintain effective social interaction, and deal with normal pressure in a competitive work setting. (Tr. 27). The ALJ reasoned that these findings were inconsistent with Claimant's proclaimed independent capacity to perform daily activities; her steady work history; and evidence from the examination and throughout the medical record of "normal speech, cooperative and forthcoming behavior, and detail-oriented presentation." (Tr. 28). During his consideration of both of these opinions, the ALJ considered the limitations, determined the

supportability and consistency of the opinions in light of the medical record and ultimately rejected them. In his rejection, the ALJ addressed both evidence that was favorable and not favorable to Claimant while giving specific legitimate reasons for his determination. Claimant failed to point out any evidence not addressed or taken in to account during the ALJ's determination. As such, Claimant is merely asking this Court to reweigh the evidence ,which it will not do. The ALJ did not err in his consideration of the medical opinion evidence of Dr. Miller and Ms. Rogers.

When all the evidence is considered, the conclusion that Claimant could perform the full range of work with nonexertional limitations is supported by substantial evidence. *See Hill v. Astrue*, 289 F. App'x. 289, 293 (10th Cir. 2008) ("The ALJ provided an extensive discussion of the medical record and the testimony in support of his RFC finding. We do not require an ALJ to point to 'specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before he can determine RFC within that category.'") (quoting *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004)). The ALJ specifically noted every medical record available in this case, gave reasons for his RFC determination, and ultimately found that Claimant was not disabled. Accordingly, the decision of the Commissioner is affirmed.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied.  Therefore, the Magistrate Judge

finds for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

    **IT IS SO ORDERED** this 13th day of October, 2023

_____
**JASON A. ROBERTSON**
**UNITED STATES MAGISTRATE JUDGE**